UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TASHARA JELISSA FREEMAN,**

    **Plaintiff,**

v.                                              Case No.: 8:25-cv-3042-SDM-AAS

**CITY OF LAKE WALES,**

    **Defendant.**

_____/

## ORDER

The plaintiff, Tashara Freeman, proceeding *pro se*, moves for entry of a clerk's default against the defendant, the City of Lake Wales (the City). (Doc. 6). Ms. Freeman filed her complaint on November 7, 2025. (Doc. 1). On December 1, 2025, Ms. Freeman's process server served the City Clerk with the complaint and summons. (Doc. 5). In the Affidavit of Service, the process server indicated that the City Clerk stated she was authorized to receive service for the City. (*Id.*).

Under Federal Rule of Civil Procedure 55(a), when a defendant fails to "plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "However, '[p]rior to directing the Clerk to enter a default, the Court must first determine

1

whether the plaintiff properly effected service of process.'" *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-CV-2558-T-60AAS, 2020 WL 7396979 at *1 (M.D. Fla. Dec. 17, 2020) (quoting *Pree v. Pickle Pro, LLC*, 2:17-cv-42-FTM-29CM, 2018 WL 6304864, at *1 (M.D. Fla. Dec. 3, 2018)).

Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure 4(j) provides, in pertinent part:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)   Delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B)   Serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Here, Ms. Freeman's process server served the City Clerk. (Doc. 5). The City Clerk is not a "chief executive officer" of the City. In addition, the City Clerk is not a person designated under Florida law as a person who may receive service of process on behalf of a municipality. *See* Fla. Stat. § 48.111(1);[1]

---

[1] Florida Statute § 48.111 provides, in pertinent part: "(l) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served: (a) On the president, mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) On any member of the governing board, council, or commission."

2

*Archer v. City of Winter Haven*, No. 8:16-CV-3067-T-36AAS, 2017 WL 784939 (M.D. Fla. Mar. 1, 2017) (quashing service because service on the city was improper where the process server served the deputy city clerk, despite the deputy city clerk stating she was authorized to receive service); *Hoffman v. Jimenez*, No. 2:25-CV-131-JLB-KCD, 2025 WL 1727901 at *1 (M.D. Fla. June 13, 2025) (finding the plaintiff's attempted service on the City improper because the "[c]ity clerk does not fit the categories under Rule 4, nor Florida law, and [the plaintiff] offers no evidence that [the city clerk] is otherwise allowed to accept service for the City."). Therefore, Ms. Freeman has not properly served process on the City.

As noted above, proper service is a prerequisite to entering a clerk's default. *See DM World Transportation, LLC*, 2020 WL 7396979 at *1. Accordingly, Ms. Freeman's motion for a clerk's default is **DENIED**.

**ORDERED** in Tampa, Florida on January 6, 2026.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3